UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )   CRIMINAL NO. 2:19-CR-89-DBH |
| | ) |
| RAFAEL A. ESPINAL-CALDERON, | ) |
| | ) |
| DEFENDANT | ) |

**ORDER ON DEFENDANT'S MOTION FOR VIDEO SENTENCING**

The defendant has pleaded guilty to a drug distribution conspiracy. He has been detained federally since April 5, 2018—in other words, for almost two and a half years. He was previously detained on related state charges from August 4, 2017, to October 13, 2017. Revised Present. Investigation Rep. at 1. His sentencing on the federal charge has been delayed for a variety of reasons, including initial uncertainty whether the First Step Act applied to him, and most recently the shutdown of in-court proceedings due to the pandemic. Through counsel, he has now moved for a video sentencing hearing under the CARES Act so as to avoid further delays. Def. Mot. (ECF No. 49). The government has objected. Gov't Opp'n (ECF No. 50).

As I said in United States v. Fagan:

> Federal Criminal Rule 43 requires that a defendant be present in person to plead guilty to a felony and be sentenced. Fed. R. Crim. P. 43(a) ("the defendant must be present"); United States v. Bethea, 888 F.3d 864, 866-67 (7th Cir. 2018) (the in-person requirement is not waivable). During the COVID-19 pandemic, however, Congress has authorized federal judges to take a felony guilty plea and sentence by video or teleconference if the defendant consents after consulting counsel, and if "the district judge

> in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116- 136, §§ 15002(b)(2)(A), (b)(4), 134 Stat. 281, 528-29 (2020).[1] To date, judges in this District have used that emergency authority to take felony guilty pleas and sentence defendants by telephone or videoconference when the parties have recommended "time served" sentences.

No. 2:19-CR-123-DBH, 2020 WL 2850225, at *1 (D. Me. June 2, 2020).[2]

In this case, depending on the application of the so-called safety valve, the Guideline range is either 63 to 78 months or 51 to 63 months. The defendant seeks a variant sentence of 36 months which, he believes, essentially amounts to time served given his previous incarceration and credit for good time. Def. Mot. at 2. As an illegal alien, he is subject to ICE custody and deportation to the Dominican Republic upon completion of his sentence. The government calls the defendant's requested sentence "inappropriately lenient." The government seeks a sentence within the advisory Guideline range of 63-78 months and says there is "no risk" that the defendant will overserve an appropriate sentence by further delaying the sentencing hearing. Gov't Opp'n at 4. The defendant responds that "[a]ssuming arguendo [he] is wrong and this Court sentences him beyond a credit for time served, the fact that this case commenced in 2017 mandates a sentencing hearing at the earliest possible date to avoid further delay." Def. Reply at 2 (ECF No. 51).

---

[1] Other CARES Act requirements are satisfied by Judicial Conference findings and the Chief Judge's Order in this District. At the hearing, I will inquire of the defendant whether he has consulted with counsel and consents to waiving an in-person sentencing.

[2] This case is unlike <u>Fagan</u> inasmuch as the defendant there was not yet subject to federal incarceration.

In no way do I suggest that time served is the appropriate sentence in this case. I will not determine the appropriate sentence until the sentencing hearing. But I do find the interests of justice are seriously harmed by the ongoing delay in this particular case while the defendant is held in federal custody, now for nearly two and a half years. After that long, he is entitled to know the sentence against which he is accumulating credit by virtue of his incarceration.

Accordingly, the motion for a video sentencing hearing is **GRANTED** and the Clerk shall schedule the sentencing.

**SO ORDERED.**

**DATED THIS 11TH DAY OF AUGUST, 2020**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**